IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROBERT C. SOMMER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|        v. | )   1:02cv968 (JCC) |
| | ) |
| JO ANNE B. BARNHART, | ) |
|     Commissioner of the | ) |
|     Social Security | ) |
|     Administration | ) |
| | ) |
|     Defendant. | ) |

**M E M O R A N D U M   O P I N I O N**

**I. Background**

This matter is before the Court on Plaintiff's objections to the Magistrate Judge Liam O'Grady's February 16, 2006 Report and Recommendation, denying Plaintiff's motion for summary judgment and granting Defendant's Motion for Summary Judgment.  The Court will deny Plaintiff's objections, and adopt in full the Magistrate Judge's report and recommendation.

**II. Standard of Review**

A. District Court's Review of Magistrate Judge's Recommendation

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on dispositive matters.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B).  As a dispositive matter, the review of a

magistrate's report and recommendation is properly governed by the *de novo* standard of review.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C)("[The] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The Court may accept, reject, or modify, in whole or in part, the recommendation by the magistrate.  *Id.*

### B. District Court's Review of the Commissioner's Decision

This Court must affirm the Commissioner's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Consistent with the deference given to the Commissioner, the Court does not re-weigh the evidence, re-assess the credibility of witnesses, or substitute this Court's judgment for that of the Commissioner.  *Hays*, 907 F.2d at 1456.  The Commissioner has the ultimate responsibility for "making findings of fact and resolv[ing] conflicts in the evidence." *Id.* Accordingly, the issue before this Court is not whether Plaintiff

is disabled, but "whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

### III. Analysis

Plaintiff makes two objections to the Magistrate Judge's Report and Recommendation.  First, Plaintiff argues that the Administrative Law Judge erred in failing to obtain testimony of a medical advisor in order to determine the onset date of his impairment.  Second, Plaintiff argues that the ALJ's finding that he was not disabled is not supported by substantial evidence in the record.

The objections to this Court regarding the Magistrate Judge's report are exactly the same arguments that were made to the Magistrate Judge regarding the ALJ's findings.  No new arguments are raised nor is any new case law cited.  This Court finds that the Magistrate Judge's analysis is thorough, accurate, and need not be supplemented.  First, the Magistrate Judge found, just as this Court does, that the ALJ did not err in failing to determine an onset date of disability since the ALJ did not find any disability in the first place.  Second, the Magistrate Judge found, also as this Court does, that substantial evidence exists for the ALJ's decision in finding that Plaintiff was not disabled.

## IV. Conclusion

In sum, this Court will adopt the Magistrate Judge's Report and Recommendation in full and incorporate it herein. Accordingly, the Plaintiff's objections will be overruled, Plaintiff's motion for summary judgment will be denied, and Defendant's motion for summary judgment will be granted.

October 2, 2006                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE